**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

DERRICK MORGAN,

                        Plaintiff,

       - v -                                  Civ. No. 9:15-CV-0024
                                                                 (GTS/DJS)

LUFT, *Correctional Officer; Greene Correctional
Facility*; SERGEANT FARRELL, *Correctional
Officer; Greene Correctional Facility*,

                        Defendants.

**APPEARANCES:**                          **OF COUNSEL:**

DERRICK MORGAN
Plaintiff, *Pro Se*
13-R-3119
Franklin Correctional Facility
62 Bare Hill Road
P.O. Box 10
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN        CHRISTOPHER J. HUMMEL, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART
United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Derrick Morgan brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that the Defendants violated his Constitutional rights while he was incarcerated at Greene Correctional Facility. Dkt. No. 1, Compl. Currently pending before

the Court is Defendant Sergeant Farrell's Motion to Dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Dkt. No. 28. Plaintiff opposes Defendant's Motion. Dkt. No. 39. For the reasons that follow, it is recommended that the Motion be **denied**.

## I. STANDARD OF REVIEW

On a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984)).

"Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, . . . matters to which the court may take judicial notice[,]" as well as documents incorporated by reference in the complaint. *Spence v. Senkowski*, 1997 WL 394667, at *2 (N.D.N.Y. July 3, 1997) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (citing FED. R. CIV. P. 10(c)). Moreover, "even if not attached or incorporated by reference, a document 'upon which [the complaint] *solely* relies and which is *integral to the complaint*' may be considered by the court in ruling on

---

[1] Defendant Luft has answered the Complaint. Dkt. No. 27.

such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d at 47). However, "even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). "It must also be clear that there exists no material disputed issues of fact regarding the relevance of the document." *Id*.

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 754 (1963); *see also Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008). Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. at 697 (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

defendant has acted unlawfully." *Id*. In this respect, to survive dismissal, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 440 U.S. at 555). Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 679-80.

With this standard in tow, I consider the plausibility of Plaintiff's Complaint.

## II. DISCUSSION

### A. Plaintiff's Complaint

In accordance with the applicable standard of review, the following facts adduced from the Complaint, as relevant to the present Motion, are taken as true.

On July 25, 2014, while incarcerated at Greene, Plaintiff was ordered to report to an "ID room" to see Defendant Farrell regarding complaints/grievances Plaintiff had filed in

June 2014 about Defendant Luft. Dkt. No. 1, Compl. at p. 9.[2] Upon entering the room, Plaintiff was confronted by four sergeants inquiring whether Plaintiff would "sign-off on [his] complaint" about another officer; Plaintiff replied "no". *Id*. Sergeant Farrell then escorted Plaintiff to the medical building and told him "you just fucked up. I'm tired of good white people going down by motherfuckers like you. You nothing but a pussy, you motherfucker." *Id*. Plaintiff was frightened by this encounter with Sergeant Farrell. *Id*. On unspecified dates and times, Sergeant Farrell continued to harass Plaintiff. For example, while en route to the mess hall, Sergeant Farrell would say things like "my day will be better when you are dead" or "I was hoping that the red dot was you". *Id*. at p. 10. Then, on December 7, 2014, Sergeant Farrell told Plaintiff "your time is coming. If we can kill you'll on the outside and get away, what makes you think that it can't happen with you[?]"[3] *Id*. at p. 11.

## B. First Amendment Retaliation

In performing an initial review of the Complaint, through the authority granted in 28 U.S.C. §§ 1915 and 1915A, the Honorable Glenn T. Suddaby, now-Chief United States District Judge, dismissed several claims while allowing others to proceed. Dkt. No. 5. In particular, Chief Judge Suddaby held that "Plaintiff's claims are sufficient to state a cognizable First Amendment retaliation claim against Farrell. . . . [but i]n so ruling, the Court

---

[2] The "Facts" section of Plaintiff's Complaint does not contain separately enumerated paragraphs. Thus, citations to the Complaint are to the page numbers noted at the bottom of each page.

[3] Plaintiff informs that this refers to "the black males who die[d] in a police [altercation] in Richmond County (Staten Island)."

expresses no opinion as to whether plaintiff's claims can withstand a properly filed motion to dismiss or for summary judgment." *Id*. at p. 14. Defendant Farrell now seeks dismissal of the retaliation claim stated against him.

Claims of retaliation, like those asserted by Plaintiff, find their roots in the First Amendment. *See Gill v. Pidlypchak*, 389 F.3d 379, 380-81 (2d Cir. 2004). Central to such claims is the notion that in a prison setting, corrections officials may not take actions which would have a chilling effect upon an inmate's exercise of First Amendment rights. *See id.* at 81-83. Because of the relative ease with which claims of retaliation can be incanted, however, as exemplified by Plaintiff's claims in this action, the courts have scrutinized such retaliation claims with particular care. *See Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983). As the Second Circuit has noted,

> [t]his is true for several reasons. First, claims of retaliation are difficult to dispose of on the pleadings because they involve questions of intent and are therefore easily fabricated. Second, prisoners' claims of retaliation pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration. This is so because virtually any adverse action taken against a prisoner by a prison official – even those otherwise not rising to the level of a constitutional violation – can be characterized as a constitutionally proscribed retaliatory act.

*Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001) (citations omitted), *overruled on other grounds, Swierkewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

In order to state a *prima facie* claim under section 1983 for unlawful retaliation a plaintiff must advance non-conclusory allegations establishing that 1) the conduct or speech at issue was protected; 2) the defendant took adverse action against the plaintiff; and 3) there was a causal connection between the protected activity and the adverse action – in other

words, that the protected conduct was a "substantial or motivating factor" in the prison official's decision to take action against the plaintiff. *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Gill v. Pidlypchak*, 389 F.3d at 380 (citing *Dawes v. Walker*, 239 F.3d at 492). If the plaintiff carries this burden, the defendant must then show, by a preponderance of the evidence, that he would have taken action against the plaintiff "even in the absence of the protected conduct ." *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. at 287. Under this analysis, adverse action taken for both proper and improper reasons may be upheld if the action would have been taken based on the proper reasons alone. *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

In the case at bar, Plaintiff has adequately pled that he engaged in protected activity, namely the grievances filed by him against Defendant Luft, and that there is a causal connection between the actions taken by Defendant Farrell and Plaintiff's protected conduct, thus satisfying prongs one and three. At issue in this Motion is whether the actions taken by Defendant Farrell, namely threats and harassment, amount to adverse action. Notably, "[o]nly retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (citing *Dawes v. Walker*, 239 F.3d at 493). Otherwise, the retaliatory act is "*de minimis* and therefore outside the ambit of constitutional protection." *Dawes v. Walker*, 239 F.3d at 493.

Defendant Farrell urges the Court to find, as a matter of law, that verbal harassment and threats are not adverse acts for purposes of a retaliation claim; in support of this

proposition, Defendant cites to a host of cases where courts disposed of the retaliation claim when it was based on threats and/or harassment. Dkt. No. 28-1, Def.'s Mem. of Law, at pp. 2-4 (citing cases). The Court notes, however, that with the exception of one or two cases, many of the cases cited by Defendant were decided upon fuller records at the summary judgment stage. And the Court finds the facts alleged herein to be distinguishable from the facts alleged in *Figueroa v. Holmes*, 2013 WL 5702269 (N.D.N.Y. Oct. 18, 2013), in that the alleged harassment in *Figueroa* concerned one lone statement advising the prisoner that he would "really need some medical attention along with some bandages" if he kept writing letters of complaint; whereas in our case, Plaintiff has alleged an ongoing, steady barrage of harassing and threatening statements over a six-month period of time, of which he gave examples of the type of threats and harassment he encountered. The Court is cognizant that there are situations where verbal threats, while not actionable by itself through § 1983, may nevertheless constitute adverse action for purposes of a retaliation claim, and that we are directed to look at the context surrounding a threat. *Ford v. Palmer*, 539 F. App'x 5, 6 & n.2 (2d Cir. 2013); *see also Barnes v. Alves*, 58 F. Supp. 3d 296, 316-17 (W.D.N.Y. 2014) (citing cases). Indeed, threats need not be specific, and may have a more adverse impact in situations where the threats are vague. *Ford v. Palmer*, 539 F. App'x at 6. In light of the fact that, by his factual allegations, Plaintiff has established a causal connection between the actions taken by Defendant Farrell and Plaintiff's protected activity, the more prudent course would be to find that Plaintiff has preliminarily alleged adverse conduct, which, upon a fuller record, the Court may be able to assess the full context of the statements purportedly made

by Defendant Farrell.[4] *See*, *e.g., Davis v. Goord*, 320 F.3d at 353-54. Accordingly, the Court recommends **denying** Defendant's Motion to Dismiss the retaliation claim.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion to Dismiss (Dkt. No. 28) be **denied**; and it is further

**RECOMMENDED**, that if the above recommendation is accepted, Defendant Farrell should be directed to respond to the Complaint in accordance with the Federal Rules of Civil Procedure.  Upon receipt of Defendant Farrell's answer, an amended scheduling order will be issued setting new discovery and dispositive motion deadlines; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)

---

[4] The Court notes that in responding to Defendant's Motion, Plaintiff provided further statements uttered by Defendant Farrell that he felt threatened by. Dkt. No. 39.  He also provided the Court with some exhibits in support, however, because we find that these documents are outside the four corners of his pleading and were not relied upon when drafted the Complaint nor incorporated by reference, the Court did not consider such documents in rendering the within recommendation. *See Spence v. Senkowski*, 1997 WL 394667, at *2 (N.D.N.Y. July 3, 1997). Such decision does not preclude Plaintiff from presenting this evidence to the Court at a later date if appropriate.

(citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: February 11, 2016
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge