UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DERRICK MORGAN,

                       Plaintiff,

v.                                                9:15-CV-0024
                                                (GTS/DJS)

LUFT, Corr. Officer, Greene Corr. Facility; and
SERGEANT FARRELL, Corr. Officer, Greene
Corr. Facility,

                       Defendants.
_____

APPEARANCES:                                  OF COUNSEL:

DERRICK MORGAN, 13-R-3119
  Plaintiff, *Pro Se*
Franklin Correctional Facility
P.O. Box 10
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN          CHRISTOPHER J. HUMMEL, ESQ.
Attorney General for the State of New York    Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Derrick Morgan ("Plaintiff") against the two above-captioned employees of the New York State Department of Corrections and Community Supervision pursuant to 42 U.S.C. § 1983, are the following: (1) Defendant Farrell's motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6); (2) United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that Defendant

Farrell's motion be denied; and (3) Defendant Farrell's Objection to the Report-Recommendation. (Dkt. Nos. 28, 46, 47.) For the reasons set forth below, Magistrate Judge Stewart's Report-Recommendation is accepted and adopted in its entirety; Defendant Farrell's motion to dismiss is denied; and Defendant Farrell is directed to respond to the Complaint in accordance with the Federal Rules of Civil Procedure.

## I. RELEVANT BACKGROUND

### A. Magistrate Judge Stewart's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Stewart found that Defendant Farrell's motion to dismiss should be denied because (1) the motion hinged on whether Plaintiff's Complaint has alleged facts plausibly suggesting adverse action for purposes of a First Amendment retaliation claim, and (2) while it is true that after discovery a motion for summary judgment may result in a different finding, at this point the Complaint has alleged facts plausibly suggesting such adverse action (given that, when procedurally and factually analogous case law is considered, Defendant Farrell's vague threats, in the context alleged, would deter a similarly situated individual of ordinary firmness from exercising his constitutional rights). (Dkt. No. 46, at Part II.B.)

### B. Defendant Farrell's Objection to the Report-Recommendation

Generally, in his Objection, Defendant Farrell argues that the Court should reject the Report-Recommendation for the following reasons: (1) the Report-Recommendation's finding that the Complaint sufficiently alleges adverse action conflicts with its acknowledgment that, "[b]ecause of the relative ease with which claims of retaliation can be incanted . . . , as exemplified by Plaintiff's claims in this action, the courts have scrutinized such retaliation

2

claims with particular care"; (2) courts in the Second Circuit routinely dismiss retaliation claims based on alleged adverse action similar to that alleged in the Complaint, and the Second Circuit's decision in *Ford v. Palmer*, 539 F. App'x 5, 6 (2d Cir. 2013), is distinguishable, because it was based on the fact that the defendant's alleged verbal threat (to somehow poison the plaintiff's hot water) was accompanied by evidence that the defendant had denied the plaintiff hot water on more than one occasion); and (3) allowing Plaintiff's retaliation claim to proceed on the speculative possibility that discovery may reveal evidence of a constitutionally sufficient adverse action ignores the pleading requirements of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and disregards the fact that it is unclear how discovery in this action would provide additional context to reveal a sufficiently adverse action. (Dkt. No. 47.)

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

3

U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee

---

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

## III. ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Stewart's thorough Report-Recommendation, the Court can find no error in the part of the Report-Recommendation to which Defendant Farrell has specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. To those reasons, the Court adds three points.

First, the Court notes that the Report-Recommendation does not rely on statements made by Plaintiff in, or exhibits attached by Plaintiff to, his opposition memorandum of law, because they are outside the four corners of the Complaint and were neither relied upon nor incorporated by reference in the Complaint. (Dkt. No. 46, at 9, n.4.) The Court agrees. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case. Hilton v. Bank of New York Mellon, 15-CV-0667, 2016 WL 234851, at *6, n.1 (N.D.N.Y. Jan. 19, 2016) (Suddaby, C.J.). Moreover, in the Second Circuit, a *pro se* plaintiff's papers in response to a defendant's motion to dismiss for failure to state a claim may be considered as effectively amending the allegations of his complaint–to the extent those papers are consistent

6

with the allegations in the complaint.[5]  Here, the exhibits to Plaintiff's opposition memorandum of law fall into none of the four above-described categories of matter.  Moreover, the allegations contained in Plaintiff's opposition memorandum of law are inconsistent with the allegations of his Complaint in that the allegations in his opposition memorandum of law post-date the events alleged in the Complaint by between four-and-a-half and nine months (and indeed post-date the filing of the Complaint by between three-and-a-half and six months).

Second, the Court notes that the Report-Recommendation relies in part on the fact that many of the cases cited by Defendant Farrell were decided upon fuller records at the summary judgment stage.  (Dkt. No. 46, at 8.)  The fact that five of the nine cases cited by Defendant Farrell issued rulings under Fed. R. Civ. P. 56 (rather than under Fed. R. Civ. P. 12[b][6]) does not deter the Court from relying on them.  (Dkt. No. 28, Attach. 1, at 4-7 [attaching pages "2" through "5" of Defs.' Memo. of Law].)  In the Court's view, it can be guided by another court's ruling regarding a claim on a motion for summary judgment when rendering a ruling regarding the same claim on a motion to dismiss for failure to state a claim, assuming it takes care to (1) treat the material facts that are undisputed on the record (for

---

[5] *See Drake v. Delta Air Lines, Inc.,* 147 F.3d 169, 170 n. 1 (2d Cir. 1998) (per curiam) ("[W]e deem Drake's complaint to include the facts contained in his memorandum of law filed in response to Delta's 1996 motion to dismiss."); *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) ("In his affidavit submitted in opposition to defendants' motion to dismiss, Gill asserts that Mooney's actions amounted to deliberate and willful indifference.  Liberally construed under *pro se* pleading standards, Gill's allegations against Mooney involve more than ordinary lack of due care for the prisoner's interests or safety, . . . and therefore state a colorable claim under the Eighth and Fourteenth Amendments.") (internal quotation marks and citation omitted); *Donhauser v.Goord*, 314 F. Supp. 2d 119, 212 (N.D.N.Y.) (Sharpe, M.J.) ("[I]n cases where *a pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside of the complaint to the extent they "are consistent with the allegations in the complaint.") (collecting district court cases), *vacated on other grounds*, 317 F. Supp. 2d 160 (N.D.N.Y. 2004) (Hurd, J.).

purposes of the former ruling) as factual allegations that are assumed to be true (for purposes of the latter ruling), and (2) remember that the legal standard governing the motion before it is not whether a finding of liability on the claim would be *rational* but whether a finding of liability on the claim would be *plausible*. *See, e.g., Fletcher v. Goord*, 07-CV-0707, 2008 WL 4426763, at *14 (N.D.N.Y. Sept. 25, 2008) (Report-Recommendation by Lowe, M.J., adopted by Sharpe, J.) ("District courts in the Second Circuit have also dismissed similar Eighth Amendment sentence-miscalculation claims asserted by prisoners where the undisputed record facts of the case (on a motion for summary judgment) were analogous to the factual allegations of Plaintiff's Complaint in this action, which are assumed to be true for purposes of Defendants' motion to dismiss."). This is because both rationality and plausiblity share the characteristic of reasonableness.

Third, the Court notes that the Report-Recommendation relies on the case of *Ford v. Palmer*, in which the Second reversed a Decision and Order of the undersigned finding that a verbal threat was insufficiently definite and specific to constitute adverse action. *Ford v. Palmer*, 539 F. App'x 5, 6 (2d Cir. 2013), *rev'g in pertinent part*, 11-CV-0212, 2012 WL 4492181, at *6-8 (N.D.N.Y. Sept. 28, 2012) (Suddaby, J.). That reliance is well taken. The Court must respectfully reject Defendant Farrell's attempt to distinguish *Ford*, which is based a footnote of the decision in which the Second Circuit expressed a need to also consider record evidence (apparently because a summary judgment motion had been filed). *See Ford*, 539 F. App'x at 7, n.2 ("While the retaliation claim was dismissed on the pleadings, we also note that this threat must be considered in the context of evidence in the record suggesting Law denied plaintiff hot water for retaliatory reasons on more than one occasion."). When read in its totality,

8

the Second Circuit's decision turned not on the fact that the defendant's alleged verbal threat (to somehow poison the plaintiff's hot water) was accompanied by evidence that the defendant had denied the plaintiff hot water on more than one occasion but on the fact that, "in this context, the vague nature of the alleged threat–i.e., not telling Ford when or how Officer Law planned to poison him–could have enhanced its effectiveness as a threat and increased the likelihood that a person of ordinary firmness would be deterred from filing additional grievances." *Ford*, 539 F. App'x at 7.

Here, while the alleged statement "We will get you for this" by itself appears too vague to constitute adverse action, it is accompanied by other alleged verbal threats, including an allegation that the correctional employee who made the statement was a sergeant, that Plaintiff had a spotless institutional record, that a fabricated disciplinary charge would postpone his upcoming release date. (Dkt. No. 1, at 9-10.)

Moreover, the Court notes that the alleged statements were made by the very correctional employee who had been assigned to investigate Plaintiff's grievance. Of course, without more, a half-hearted and/or inadequate investigation of a prison grievance would fail to satisfy the adverse action standard. *See Islam v. Goord*, 05-CV-7502, 2006 WL 2819651, at *6 (S.D.N.Y. Sept. 26, 2006) ("Blaine's alleged improper investigation of plaintiff's complaint against Riel (e.g., by failing to summon most of his witnesses, treating the two witnesses summoned in an unprofessional manner, and distorting and omitting material facts) similarly fails to satisfy the adverse action standard. This type of alleged conduct is not, in the Court's view, likely to chill a person of ordinary firmness from continuing to engage in the protected activity at issue here-the filing of grievances.") (internal quotation marks omitted); *accord, Houston v. Schriro*, 11-CV-

9

7374, 2013 WL 4457375, at *10 (S.D.N.Y. Aug. 20, 2013) ("Ignoring grievances cannot support a First Amendment retaliation claim.").[6] However, here, the Complaint alleges that Defendant Farrell (who was assigned to investigate Plaintiff's grievance) expressed open hostility toward Plaintiff, that Farrell predicted that the "grievance system will have no consequence for both defendants," and that the grievance was indeed denied (suggesting that Farrell may have *intentionally* caused the investigation to fail). (Dkt. No. 1, at 9, 11.) While a suggestion of intentional conduct is not plausible, it may be considered together with the other alleged statements for purposes of evaluating adverse action.

Simply stated, under the narrow circumstances of this case, the Court agrees with Magistrate Judge Stewart that Plaintiff has, albeit barely, alleged facts plausibly suggesting adverse action. Having said that, of course, the Court expresses no opinion regarding the result of any motion for summary judgment that may be filed by Defendant Farrell, because it may be based on undisputed facts different from the factual allegations of Plaintiff's Complaint.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 46) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant Farrell's motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 28) is **DENIED**; and it is further

---

[6] *Cf. Porter v. Goord*, 04-CV-0485, 2009 WL 2180580, at *7 (W.D.N.Y. July 22, 2009) ("There is . . . no merit to Plaintiff's retaliation claim insofar as the claim is based on Defendants' failure to pursue a criminal investigation into Defendants' alleged unlawful conduct.").

10

**ORDERED** that Defendant Farrell file an answer to the Plaintiff's Complaint within 14 days of the date of this Decision & Order pursuant to Fed.R.Civ.P. Rule 12(a)(4)(a).

Dated: March 22, 2016
      Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief United States District Judge