UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DERRICK MORGAN,

                Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　9:15-CV-0024
　　　　　　　　　　　　　　　　　　　　　(GTS/DJS)

LUFT, Corr. Officer, Greene Corr. Fac.; and
FARRELL, Corr. Sergeant, Greene Corr. Fac.,

                Defendants.
_____

APPEARANCES:　　　　　　　　　　　　　OF COUNSEL:

DERRICK MORGAN, 13-R-3119
  Plaintiff, *Pro Se*
Franklin Correctional Facility
P.O. Box 10
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN　　　　　　CHRISTOPHER J. HUMMEL, ESQ.
Attorney General for the State of New York　Assistant Attorney General
  Counsel for Defendants
Litigation Bureau
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Derrick

Morgan ("Plaintiff") against the two above-captioned employees of the New York State

Department of Corrections and Community Supervision ("Defendants"), are the following: (1)

Defendants' motion for summary judgment; (2) U.S. Magistrate Judge Daniel J. Stewart's

Report-Recommendation recommending that Defendants' motion be granted in part and denied

in part, and that this case be deemed trial ready with respect to Plaintiff's First Amendment

retaliation claim against Defendant Farrell; (3) Defendants' Objections to the Report-Recommendation; and (4) Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 64, 72, 73, 76.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety.

## I. RELEVANT BACKGROUND

### A. Magistrate Judge Stewart's Report-Recommendation

Generally, in a thorough Report-Recommendation, Magistrate Judge Stewart rendered the following three recommendations: (1) that Plaintiff's Eighth Amendment excessive-force claim against Defendant Luft be dismissed because the record reveals that Defendant Luft applied no more than a *de minimis* use of force during Plaintiff's pat frisk; (2) that Plaintiff's First Amendment retaliation claim against Defendant Luft be dismissed because the record reveals that Defendant Luft's pat frisk of Plaintiff involved a *de minimis* use of force, and pat frisks are an ordinary part of prison life and would not deter the average inmate from continuing to exercise his First Amendment rights; and (3) that Plaintiff's First Amendment retaliation claim against Defendant Farrell proceed to trial because Plaintiff has, through admissible record evidence, created a genuine dispute of material fact regarding whether Defendant Farrell's alleged statements constitute a sufficiently serious adverse action (and whether there exists a causation connection between Plaintiff's grievance against Defendant Luft and Defendant Farrell's alleged statements). (Dkt. No. 72, at Part III.)

### B. Defendants' Objections to the Report-Recommendations

Generally, in their Objections, Defendants argue that Magistrate Judge Stewart erred in finding that a genuine dispute of material fact exists with regard to Plaintiff's First Amendment retaliation claim against Defendant Farrell, because Plaintiff has failed to adduce admissible record evidence of either the adverse-action element or the causation element of a First Amendment retaliation claim. (Dkt. No. 73, at Parts I and II.)

### C. Plaintiff's Objections to the Report-Recommendation

Generally, in his Objections, Plaintiff asserts two arguments: (1) that Magistrate Judge Stewart erred in finding that Defendant Luft's pat frisk was a *de minimis* use of force under the Eighth Amendment, because, even if the use of force was *de minimis*, if it was inflicted in a wanton manner, then it is actionable under the Eighth Amendment; and (2) that Magistrate Judge Stewart erred in finding that Defendant Luft's pat frisk was a *de minimis* use of force under the First Amendment, because, even if the use of force was *de minimis*, it could constitute sufficiently serious adverse action for purposes of the First Amendment. (Dkt. No. 76.)

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1]

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The

3

When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation

---

only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]  *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

After carefully reviewing the relevant papers herein, including the Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation to which the parties have specifically objected: Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.

Defendants' argument that Plaintiff has failed to establish the causation element of his retaliation claim against Defendant Ferrell is unpersuasive because the sentence relied on by Magistrate Judge Stewart (asserting that Defendant Farrell told Plaintiff, *inter alia*, that "[w]e will get you for [filing a grievance against Defendant Luft]," *see* Dkt. No. 1, at 9), was not contained in merely a complaint but a *sworn* complaint (*see* Dkt. No. 1, at 15), transforming the assertion from an allegation in a pleading to affidavit testimony sufficient to constitute admissible evidence for purposes of a motion for summary judgment.[5] Moreover, while Defendants appear to urge the Court to disregard this evidence because it is uncorroborated by other evidence in the record, the Court may not do so unless the evidence is also contradictory of

---

report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

     5     *See, e.g., Patterson v. Cnty. of Oneida*, 375 F.3d 206, 219 (2d. Cir. 2004) ("[A] verified pleading . . . has the effect of an affidavit and may be relied upon to oppose summary judgment."); Fed. R. Civ. P. 56 (c)(1)(A) ("[Materials in the record include] . . . affidavits or declarations . . . ."); N.D.N.Y. L.R. 7.1(a)(3) ("The record for purposes of [a motion for summary judgment] includes . . . affidavits.").

Plaintiff's other sworn statements, which it does not appear to be.[6]

Moreover, Defendants' argument that Plaintiff failed to establish the adverse-action element of his retaliation claim against Defendant Ferrell is unpersuasive because, while the admissible record evidence adduced by Plaintiff admittedly presents a close question, it suffices (albeit barely) to permit a rational jury to render a finding that Defendant Ferrell's conduct (which include at least two direct threats of "get[ting]" or "coming" for Plaintiff combined with persistent jokes or comments about Plaintiff's death over roughly a six-month period) would deter a similarly situated individual of ordinary firmness from exercising his or her First Amendment rights. (*See* Dkt. No. 72, at 12 [Report-Recommendation, accurately summarizing the admissible record evidence adduced by Plaintiff on the issue of adverse action].) *See also Ford v. Palmer*, 539 F. App'x 5, 7 (2d Cir. 2013) ("[I]n this context, the vague nature of the alleged threat–i.e., not telling Ford when or how Officer Law planned to poison him–could have enhanced its effectiveness as a threat and increased the likelihood that a person of ordinary firmness would be deterred from filing additional grievances.") (reversing in pertinent part decision and order by Suddaby, J.). The Court notes that Plaintiff is correct when he argues (in his response to Defendants' objections, *see* Dkt. No. 77, at 1-2) that Defendants' attempt to distinguish the case of *Gomez v. Graham*, 14-CV-0201, 2016 WL 8652781, at *13 (N.D.N.Y. June 16, 2016) (Peebles, M.J.), *adopted*, 2017 WL 1214506 (N.D.N.Y. March 31, 2017) (Hurd, J.), is unavailing because the Court cannot consider Plaintiff's continuing pursuit of his

---

[6] *See Harris v. Stockwell*, 14-CV-0404, 2016 WL 7176608, at *4 (N.D.N.Y. Dec. 9, 2016) (Suddaby, C.J.) ("The only grounds on which the Court could set aside this evidence is if the evidence were (1) wholly uncorroborated by the other evidence in the record, and (2) internally contradictory. *Jeffreys v. City of New York*, 426 F.3d 549, 555 (2d Cir. 2005).").

7

grievance as a fact in evaluating whether he has established adverse action. *Gill v. Pidlypchak*, 389 F.3d 379, 380-81 (2d Cir. 2004). Indeed, in *Gomez*, U.S. Magistrate Judge David E. Peebles prefaced his mentioning of the fact that the plaintiff withdrew his grievance with his acknowledgment that the fact was "not determinative of its own right." *Gomez*, 2016 WL 8652781, at *13.

Turning to Plaintiff's arguments, his argument that he established the elements of his excessive-force claim against Defendant Luft is unpersuasive. Generally, to find that excessive force was used in violation of the Eighth Amendment, a plaintiff must prove the following two elements by the preponderance of the evidence: (1) that force was used against the plaintiff maliciously and sadistically to cause harm, and not in a good-faith effort to maintain or restore discipline; and (2) that the force used caused injury to the plaintiff. 3B O'Malley, Grenig & Lee, *Fed. Jury Prac. & Instr.* § 166.23 (6th ed. 2013). To act "maliciously" means to do a wrongful act without just cause or reason, with the intent to inflict harm. 3B O'Malley, Grenig & Lee, *Fed. Jury Prac. & Instr.* § 166.31 (6th ed. 2013). To act "sadistically" means to engage in extreme or excessive cruelty or to take delight in cruelty. 3B O'Malley, Grenig & Lee, *Fed. Jury Prac. & Instr.* § 166.33 (6th ed. 2013).

Some of the things that a jury may consider in determining whether force was used against a plaintiff maliciously and sadistically to cause him harm (and not in a good-faith effort to maintain or restore discipline) include the following: (1) the extent of the injury suffered by the plaintiff; (2) the need for the use of force; (3) the relationship between the need for force and the amount of force used; (4) the threat reasonably perceived by responsible corrections officers; and (5) any efforts made to temper the severity of a forceful response. 3B O'Malley, Grenig & Lee, *Fed. Jury Prac. & Instr.* § 166.23 (6th ed. 2013).

It is true that corrections officers are given the lawful authority to use such physical force as may be reasonably necessary to enforce compliance with proper instructions and to protect themselves from physical harm from an inmate. *Id*. However, when a corrections officer maliciously and sadistically uses force to cause harm to a prisoner, and the prisoner suffers at least some injury, the result is cruel and unusual punishment under the Eighth Amendment, regardless of the seriousness or significance of the injury to the prisoner. *Id.; see also Hudson v. McMillian*, 112 S. Ct. 995, 1000 (1992).

Here, for the sake of brevity, the Court will assume that admissible record evidence exists that, as a result of Defendant Luft's use of force, Plaintiff suffered at least some injury (i.e., a "superficial abrasion" to an elbow requiring treatment, a "bruise" on a shin, and "chest pains" necessitating medication). (Dkt. No. 1, at 7 [Plf.'s Sworn Compl.]; Dkt. No. 64, Attach. 2, at 28-34 [attaching pages "25" through "31" of Plf.'s First Depo.]; Dkt. No. 64, Attach. 5, at ¶ 5 [O'Connor Decl.].) *See, e.g., Green v. McLaughlin,* 480 F. App'x 44, at 48 (2d Cir. 2012) (finding that an indication on the prisoner's "ambulatory health records . . . that on the day after the incident . . . , [the prisoner] received treatment for a slight abrasion on his right wrist and was given Motrin for pain" support his allegation that he suffered "some injury" following this incident); *Moore v. Casselberry*, 584 F. Supp.2d 580, 586 (W.D.N.Y. 2008) (finding from photographic and video evidence of "bruises, scrapes or lacerations on [the prisoner's] face" that "it does appear that plaintiff may have sustained some injuries on the date of the alleged incident").

More important is that, based on the five factors set forth above, the Court finds that the record evidence does not suffice to permit a rational jury to render a finding that Defendant Luft

9

used force against Plaintiff maliciously and sadistically to cause him harm (rather than in a good-faith effort to maintain or restore discipline). The Court notes that, based on Plaintiff's own sworn allegations and deposition testimony, Defendant Luft's acts of kicking Plaintiff's legs apart and pushing him into the wall were part of a pat frisk. (Dkt. No. 1, at 7-8 [Plf.'s Sworn Compl.]; Dkt. No. 64, Attach. 2, at 27-29 [attaching pages "24" through "26" of Plf.'s First Depo.].) *See, e.g., Aziz Zarif Shabazz v. Pico*, 994 F. Supp. 460, 471 (S.D.N.Y.1998) (Sotomayor, J.) ("[A]lthough kicking an inmate's ankles and feet [during a pat frisk] cannot be condoned, this use of force is *de minimus* and insufficient to rise to the level of a constitutional violation."); *Kalwasinski v. Artuz*, 02-CV-2582, 2003 WL 22973420, at *6-7 (S.D.N.Y. Dec. 18, 2003) ("The Plaintiff's sole claim against Officer Lawrence is that he pressed the Plaintiff's face into the wall while conducting a pat frisk. . . . [C]onducting pat frisks on prisoners is a necessary procedure to insure safety and security of prisons. . . . The use of force alleged used by Officer Lawrence is consistent with a good faith attempt to maintain prison discipline and order. No jury could reasonably conclude that Defendant Lawrence acted maliciously.").[7] Stated another way, Plaintiff has not adduced evidence that Defendant Luft's use of force unnecessarily went beyond the bounds of a pat frisk. *Cf. Crenshaw v. Hartman*, 681 F. Supp.2d 412, 417 (W.D.N.Y. 2010) ("Plaintiff alleges that Officer Hamilton, in the course of the pat frisk on August 17, 2007, ordered plaintiff to get down on the floor, and that once plaintiff was lying on the floor,

---

[7] This is so regardless of whether Plaintiff believed that he "didn't fall into [a] category to be searched." (Dkt. No. 64, Attach. 2, at 28 [attaching page "25" of Plf.'s First Depo.].) The mere fact that a pat frisk has violated a DOCCS directive would not constitute a constitutional violation. *See Eng v. Therrien*, 04-CV-1146, 2008 WL 141794, at *8 (N.D.N.Y. Jan. 11, 2008) (Mordue, C.J., adopting Report-Recommendation of Lowe, M.J.) (citing cases for the proposition that a prisoner's allegation that a pat frisk violated DOCS Directive 4910 would not "in and of itself, constitute a violation of the Fourth Amendment").

Hamilton began punching and kicking him. I find that these allegations are sufficient, at this pleading stage, to survive a motion to dismiss.").

Finally, Plaintiff's argument that he established the adverse-action element of his retaliation claim against Defendant Luft is also unpersuasive. Magistrate Judge Stewart correctly cites two cases for the point of law that pat frisks–even if conducted for retaliatory reasons–cannot constitute adverse action for purposes of a First Amendment claim. *See Henry v. Annetts*, 08-CV-0286, 2010 WL 3220332, at *2 (S.D.N.Y. July 22, 2010) ("[P]at frisks are an ordinary part of prison life and would not (and do not) deter the average inmate from continuing to exercise his First Amendment rights."); *Amaker v. Fischer*, 10-CV-0977, 2014 WL 8663246, at *8 (W.D.N.Y. Aug. 27, 2014) ("[P]at frisks, even if conducted for retaliatory reasons, cannot constitute an adverse action as required to support a First Amendment retaliation claim.").

For all of these reasons, Magistrate Judge Stewart's Report-Recommendation is accepted and adopted in its entirety.

**ACCORDINGLY**, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 72) is **ACCEPTED** and **ADOPTED in its entirety**; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 64) is **GRANTED in part** and **DENIED in part**, such that all Plaintiff's claims are **DISMISSED**, **except** for his First Amendment retaliation claim against Defendant Farrell, which remains **PENDING** and is deemed ready for trial; and it is further

**ORDERED** that pro bono counsel be appointed for Plaintiff for purposes of trial only (and not for any appeal) and that, upon assignment of pro bono counsel, a final pretrial conference with counsel be scheduled, at which counsel for both parties shall appear with settlement authority.

Dated: September 28, 2017
       Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief United States District Judge